**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN NANNI,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>B & B 677 LLC,<br>a Florida Limited Liability Company,<br>and<br>DOVER CHICKEN, LLC,<br>a Delaware Limited Liability Company,<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)  Case No: 1:18-cv-00586-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>/ |

## FIRST AMENDED COMPLAINT

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this First Amended Complaint and sues B & B 677 LLC, a Florida Limited Liability Company, and DOVER CHICKEN, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

1

4. MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, B & B 677 LLC, (hereinafter referred to as "DEFENDANTS") is a Florida Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Popeye's, generally located at 677 N. Dupont Highway, Dover, Delaware 19901 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. The Defendant, DOVER CHICKEN, LLC, (hereinafter referred to as "DEFENDANTS") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the tenant and operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Popeye's, generally located at 677 N. Dupont Highway, Dover, Delaware 19901 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the District of Delaware.

### COUNT I
### (VIOLATION OF TITLE III OF THE ADA)

9. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

10. The Property, a Popeye's fast food restaurant, is a place of public accommodation and is therefore subject to Title III of the ADA.

11. MR. NANNI has visited the Property several times during the past year, regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

12. During his visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

13. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

14. Defendants have discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

    A. Plaintiff encountered inaccessible disabled use parking spaces throughout the Property due to built-up curb ramps in access aisles, excessive slopes within the spaces and their access aisles, pavement in disrepair and low signage. This forced Mr. Nanni to utilize extra caution in loading and unloading from his vehicle to avoid the heightened risk of a fall on the excessive slopes.

    B. Plaintiff encountered inaccessible routes throughout the Property between the disabled use parking spaces and the Property entrance due to excessive slopes, curb ramps which are not flush and a lack of handrails where the slope exceeds 5%. This forced Mr. Nanni to utilize extra caution maneuvering from his parked vehicle to the entrance and increased his risk of a fall.

      C.     Plaintiff encountered an inaccessible restroom in the restaurant due to a lack of grab bars around the toilet. Due to this issue, Mr. Nanni could not transfer onto the toilet.

      D.     Plaintiff encountered an inaccessible front entrance to the restaurant due to a slope which leads right to the door and a lack of a level landing. This issue caused Mr. Nanni difficulty and required that he use extra caution to avoid a fall while opening the door to enter the restaurant.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above described barriers to access, Plaintiff would visit the Property more often.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendants.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANTS and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANTS is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANTS to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANTS to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: September 27, 2018

Respectfully Submitted,

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
*Of Counsel*
750 Shipyard Drive
Suite 200
Wilmington, DE 19801
Tel.: (302) 656-5445
Fax: (302) 656-5875
E-Mail: davy@jcdelaw.com

-and-

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system on September 27, 2018, which sent notification of said filing to the following:

Peter K. Schaeffer, Jr., Esquire
AVENUE LAW
1073 S. Governors Ave.
Dover, Delaware 19904

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)